UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
HIN Y. LIMTUNG,

            Plaintiff,

    - against -

PAYPAL HOLDINGS, INC., *et al.*,

            Defendants.
-----------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

**MEMORANDUM AND ORDER**
19-CV-4316 (RRM) (SJB)

Plaintiff Hin Y. Limtung brings this *pro se* action against defendants PayPal Holdings,

Inc. ("PayPal"), Eden Moldvani, and Jeanette Santiago, alleging breach of contract, defamation,

and fraud claims. Limtung paid the filing fee to bring this action. For the reasons set forth

below, Limtung's complaint does not sufficiently establish that this Court has subject-matter

jurisdiction to preside over his case. *See* FED. R. CIV. P. 12(h)(3).

Limtung is hereby ordered to show cause in writing by December 6, 2019, why this

action should not be dismissed for lack of subject-matter jurisdiction. If Limtung fails to show

cause in writing by December 6, 2019, this action will be subject to dismissal.

**BACKGROUND**[1]

Limtung brings this action in connection with two rental agreements he entered with

Moldvani and Santiago. (Compl. (Doc. No. 1) at 1.) Moldvani and Santiago each signed an

agreement to rent an apartment from Limtung for one year, beginning May 1, 2019, and ending

April 30, 2020. (*Id.* at 6, 9.) Moldavni and Santiago paid Limtung a portion of the rent via

---

[1] The following facts are drawn from Limtung's complaint. The Court accepts all factual allegations in the
complaint as true, "drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d
Cir. 2018) (internal quotation marks omitted) (citation omitted).

PayPal. (*Id.*) However, approximately two months after they moved into the apartments, they stopped paying rent. (*Id.* at 2.) Moldvani and Santiago also contacted PayPal for refunds of payments they made to Limtung on the grounds that the apartments are illegal, or that the payments were for products they never received. (*Id.* at 2, 7, 9, 10.) Limtung alleges that PayPal made the refunds without any authority, and that Santiago and Moldvani continue to live in the apartments. (*Id.* at 2, 8.)

Limtung further alleges that Moldvani, Santiago, and PayPal conspired to defame him. (*Id.* at 2.) He states that Santiago told PayPal that he is a "scammer," and that when PayPal passed this information along to a client of Limtung's, that client terminated its business with him. (*Id.* at 10, 12.) Limtung claims that defendants' statements "were made deliberately" to defame him, to "cripple" his business, and to "cause extreme emotional and mental distress." (*Id.* at 2.)

Limtung filed this action on July 26, 2019, invoking the Court's federal question and diversity jurisdiction. (*Id.* at 5.) The complaint indicates that Limtung, Moldvani, and Santiago all reside at 31–70 Crescent Street in Astoria, New York, presumably the location of the relevant apartments. (*Id.* at 3–4.) For PayPal, the complaint lists an address in San Jose, California. (*Id.* at 4.)

Limtung asserts three causes of action. First, he claims that all defendants are liable for defamation, seeking to recover "no less than $10,000,000." (*Id.* at 19.) Second, he requests $100,000 in damages for the alleged breach of contract by Moldvani and Santiago. (*Id.* at 20.) Finally, Limtung asserts a claim against Moldvani and Santiago for fraud, seeking $100,000 in compensatory damages and $100,000 in punitive damages. (*Id.*)

## STANDARD OF REVIEW

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings

drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Sealed Plaintiff v.*

*Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). The Court is required to read a *pro*

*se* complaint liberally and to interpret it as raising the strongest arguments it suggests. *See*

*Erickson*, 551 U.S. at 94. Moreover, at the pleadings stage of the proceeding, a court must

assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.

*Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing, *inter alia*,

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Still, a complaint must plead "enough facts to state

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).

Federal courts "have an independent obligation to determine whether subject-matter

jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*,

546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999));

*see also Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 62–

63 (2d Cir. 2009). The subject-matter jurisdiction of the federal courts is limited. Federal

jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when there

is "diversity of citizenship" and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

Further, "subject-matter jurisdiction, because it involves the court's power to hear a case, can

never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002); *see also*

*Moore v. Angiuli & Gentile, LLP*, No. 12-CV-2966 (DLI) (LB), 2012 WL 3288747, at *2

(E.D.N.Y. Aug. 9, 2012). "The party invoking federal jurisdiction bears the burden of

establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009)

(internal quotation marks omitted) (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

## DISCUSSION

Limtung invokes the Court's diversity jurisdiction and federal question jurisdiction. Under 28 U.S.C. § 1332(a), federal courts have subject-matter jurisdiction over state law claims where the plaintiff and defendants are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999) (citation omitted); *see also Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Tr. Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996). Further, for a federal court to exercise subject-matter jurisdiction based on diversity, there must be complete diversity of citizenship between the parties. *See Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117–18 (2d Cir. 2014) (Section 1332 "requires 'complete diversity,' *i.e.*, all plaintiffs must be citizens of states diverse from those of all defendants." (citation omitted)). "[I]t is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (internal quotation marks omitted) (citations omitted). "[D]iversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (internal quotations marks omitted) (citation omitted).

For purposes of diversity jurisdiction, an individual's citizenship is based on his domicile. *See Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (internal quotation marks omitted) (citation omitted). As for corporate entities, "a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2012) (citing 28 U.S.C. § 1332(c)(1)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

Here, Limtung invokes the Court's diversity jurisdiction, yet he fails to show that complete diversity exists. Although the complaint lists an address in San Jose, California for PayPal, it is unclear whether Limtung alleges that San Jose is PayPal's principal place of business or place of incorporation. However, regardless of PayPal's citizenship, Limtung, Moldvani, and Santiago are all residents of New York. If Limtung and two of the defendants are domiciled in the same state, Limtung cannot satisfy the requirement of complete diversity. Accordingly, the court lacks diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.

Moreover, although Limtung also invokes the Court's federal question jurisdiction, his case does not present an issue of federal law. (Compl. at 5.) *See* 28 U.S.C. § 1331. A case arises under federal question jurisdiction where federal law creates the plaintiff's cause of action or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks omitted) (citation omitted); *see also New York ex rel. Jacobson v.*

*Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016). Limtung cites to 28 U.S.C. § 4102, which governs foreign defamation judgments and does not apply to this case. "There is no federal cause of action for defamation because it 'is an issue of state law, not of federal constitutional law' . . . ." *Singletary v. Chalifoux*, No. 13-CV-4205 (JG), 2013 WL 5348306, at *2 (E.D.N.Y. Sept. 23, 2013) (quoting *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004)). Likewise, Limtung's breach of contract claim arises under state law. *See JP Morgan Chase Bank, N.A. v. Hunter Grp., Inc.*, No. 10-CV-917 (JFB) (ETB), 2010 WL 5313547, at *3 (E.D.N.Y. Dec. 20, 2010) (Plaintiff's claims for breach of contract were "governed by state law, not federal law."). While Limtung alleges that Moldvani and Santiago defrauded him, he does not invoke federal law, stating only that the actions of defendants "have no foundations in New York State or New York City Laws, [and] are illegal and fraudulent." (Compl. at 8, 11.) Thus, Limtung has not adequately alleged that this Court has federal question jurisdiction.

As the complaint presents no basis for subject-matter jurisdiction, it may be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). In light of his *pro se* status, the Court grants Limtung the opportunity to explain why a good faith basis exists for satisfying the complete diversity of citizenship requirements of 28 U.S.C. § 1332.

## CONCLUSION

Accordingly, Limtung is hereby, ORDERED TO SHOW CAUSE, on or before December 6, 2019, why this action should not be dismissed for lack of subject-matter jurisdiction. If Limtung fails to show cause in writing by December 6, 2019, this action will be subject to dismissal.

While Limtung paid the filing fee in this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in*

*forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to send a copy of this Order to Show Cause to Limtung by overnight mail, and to note the mailing on the docket.

SO ORDERED.

Dated:   Brooklyn, New York
           *Nov 18* , 2019

s/Roslynn R. Mauskopf

_____
ROSLYNN R. MAUSKOPF
United States District Judge